2   67
16  234

## J. S. DILLEY, APPELLANT, *vs.* CHARLES L. SHERMAN, RESPONDENT.

Where an action is brought to recover a water right, and *mill site* described by metes and bounds, as land boundaries are usually described, *held* that an instruction to the effect "that the plaintiff, in order to recover, must prove that he was entitled to the premises and water, and that defendants damaged him by the diversion of the water," is erroneous.  To entitle plaintiff to recover, it was only necessary to prove title and immediate right of possession in himself, and the occupancy by defendants of the premises described when suit was brought.

APPEAL from a judgment of the District Court of the Third Judicial District, the Hon. WM. HAYDON presiding.

The declaration in this case alleges that plaintiff is, and for a long time has been, the owner of, and in possession of, a certain water *right* and *mill site*, situate in Gold Cañon, Silver City, and bounded as follows:   Here follows description of corners, lands, courses, distances, etc., embracing a small tract of land over which

a small mountain stream flows. Then follows an averment of ouster and damages, and a prayer for restitution of the premises and damages, etc. Defendant denies all the material allegations of the complaint, and avers prior appropriation of the waters of the creek, etc. The parties went to trial, and many instructions were asked on each side, and many exceptions were taken to the Judge's rulings.

The jury found a verdict for defendant. The plaintiff moved for a new trial, and upon that motion being overruled, appealed to the Court both from the order overruling the motion for a new trial, and from the judgment. There was a statement on motion for new trial, and also a statement and counter statement on appeal. These statements from not being properly engrossed are confused and unintelligible to some extent. This Court was therefore unable to properly investigate many of the points presented.

*F. H. Kennedy* and *R. M. Clarke* appeared for Appellant.

*H. M. Steel*, for Respondent.

Opinion by LEWIS, C. J., BROSNAN, J., concurring.

As the appellant's statement and respondent's counter-statement on appeal in this case came before us, without being engrossed, we are unable to determine the merits of the plaintiff's claim; neither can we determine whether the verdict of the jury is sustained by the evidence. But, upon the following instruction, which appears from the record to have been given by the Court below, the judgment must be reversed : " The jury are instructed that the plaintiff, in order to recover in this action, must prove that he was entitled to the premises and waters, and that the defendant damaged him by the diversion of said water from his premises."

That, to entitle the plaintiff to recover in an action of ejectment, he must show that he is entitled to the possession of the premises, there can be no doubt ; but that he is not required to show that he is also entitled to the enjoyment of any stream of water which may run through it ; or that he was damaged by the diversion of it by the defendant, is equally clear.

The primary object of the action of ejectment is the recovery of

the possession of real property ; and originally, only nominal damages were ever recoverable in it. The real damage was recoverable only in an action for mesne profits (1 Chitty on Pleading, 192) ; and it has never been held necessary, in an action of ejectment, for the plaintiff to prove that he has suffered actual damage by the ouster of the defendant.

At Common Law, when the title of the real plaintiff was controverted, it was only necessary to prove : 1. That he had the legal title to the premises at the time of the demise laid in the declaration. 2. That he also had the right of entry. 3: That the defendant, or those claiming under him, were in possession of the premises at the time when the declaration was served. (2 Greenleaf on Evidence, § 303.) Notwithstanding, section 64 of our Practice Act authorizes the recovery of mesne profits, and damages for waste committed on the premises in the action of ejectment; yet it by no means makes it necessary for the plaintiff to prove damages to entitle him to recover the possession of the premises. Under the present practice, if the plaintiff proves the right of possession in himself, and the withholding of the premises by the defendant at the time the action is instituted, it is sufficient to entitle him to a recovery. (*Payne & Dewey* v. *Treadwell*, 16 Cal. 220.)

It was stated by counsel, upon the argument of this case, that some of the instructions which appear in the record of this case belong to another case between the same parties, and that they were not given by the Court below in this case. This may be so, but no steps have been taken to correct the record, and we cannot look beyond it for facts upon which to determine this appeal. We find other erroneous instructions in the Transcript, which counsel for defendant asked to be given to the jury, but whether they were so given or not, does not appear from the record ; we must therefore presume they were not, in obedience to the rule that all presumptions are in favor of the regularity of the proceedings of Courts of Record.

The judgment of the Court below must be reversed, and a new trial ordered.